christina-leas: (family) dunn
veronica-leas: (family) lapetina
2355 sequoyah drive
rogers, arkansas  [near 72758]
479-871-9025

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 1 8 2011

CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| christina-leas: (family): dunn, and | ) | |
| veronica-leas: (family) lapetina, | ) | |
|     Plaintiffs. | ) | Case No. _11· 5170_____ |
| -v- | ) | |
| | ) | |
| CARTER-YOUNG, INC. | ) | |
|     Defendant. | ) | |

## COMPLAINT

**NOW INTO COURT COMES,**  by Special Appearance, without waiving any rights, remedies or defenses statutory or procedural, christina-leas: (family): dunn a natural woman and Executrix of the decedent CHRISTINA DUNN's estate, and veronica-leas: (family): lapetina a natural woman and Executrix of the decedent VERONICA LAPETINA'S estate,  and hereby sue Defendant CARTER-YOUNG INC.

### PRELIMINARY STATEMENT

1.    This is an action for damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.,* and for damages for violations of the Arkansas Code Annotated (ACA) § 17-24-501 *et seq.*

### JURISDICTION AND VENUE

2.    The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k, and U.S.C. §1652.

3.    Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4.      Plaintiffs, christina-leas: (family) dunn, and veronica-leas: (family) lapetina, are natural persons and are residents of the state of Arkansas, residing at 2355 Sequoyah Drive, Rogers, Arkansas.

5.      Defendant, CARTER-YOUNG, INC is organized under the laws of the State of Georgia, not authorized to do business in the state of Arkansas, whose agent for service is STEVE YOUNG, 1500 Klondike Rd., Suite A210, CONYERS, GA 30094.

6.      All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

7.      Paragraphs 1 through 6 are realleged as though fully set forth herein.

8.      Plaintiffs have never contracted with Defendant.

9.      Plaintiffs have never entered into any business relationship with Defendant.

10.     During the time of all allegations listed herein, Defendant was not licensed in Arkansas as a debt collector and is in violation of Arkansas Code Annotated § 17-24-301. (Exhibits "A1", "A2", "A3", and "A4".)

11.     On or about April 7, 2011, Defendant pulled Plaintiff veronica-leas: (family) lapetina's credit report from Credit Reporting Agency Experian;

12.     On or about April 7, Defendant pulled Plaintiff christina-leas: (family) dunn's credit report from Credit Reporting Agency Experian;

13.     On or about April 8, 2011 Defendant used the U.S. mail to send Plaintiffs a collection letter, addressed to both Plaintiffs. This letter stated "**This communication is from a**

**debt collector and is an attempt to collect a debt. Any information obtained from you will be used for that purpose**" and demanded payment of $3,668.22. (Exhibit "B".)

       14.     On or about April 26, 2011, Plaintiffs sent via U.S. Certified Mail Receipt 7011 0470 0000 8817 2668 a notice of dispute of the alleged debt. On April 29, 2011, Certified Mail 7011 0470 0000 8817 2668 was signed for by D. Ramirez. (Exhibit "C".)

       15.     On or about April 15, 2011, Defendant placed a phone call to Plaintiff christina-leas: (family) dunn's cell phone and left a voice mail, stating that the caller was a Maria Gill, and is a debt collector, and the purpose of the call is to collect a debt, and that "Christina must call back at 678-937-0911." (Exhibit "D".)

       16.     On or about April 15, 2011, Defendant placed a phone call to Plaintiff christina-leas: (family) dunn's land-line phone and left a voice mail stating that the caller was a Maria Gill, and is a debt collector, and the purpose of the call is to collect a debt, and that "Christina must call back at 678-937-0911."

       17.     Around May, 2011, Defendant placed a Collection Agency entry on Plaintiff christina-leas: (family) dunn's Equifax credit report.

       18.     Around May, 2011, Defendant placed a Collection Agency entry on Plaintiff veronica-leas: (family) lapetina's Equifax credit report.

       19.     Arkansas Code Annotated § 17-24-301  states that it is unlawful for anyone to engage in the collection of delinquent accounts, bills, or other forms of indebtedness unless licensed with the Arkansas State Board of Collectors.

       20.     Plaintiff veronica-leas: (family) lapetina contends that the illegal actions of the Defendants have harmed her, resulting in mental anguish and humiliation, loss of sleep, depression, and has harmed her grades.

21.     Plaintiff christina-leas: (family) dunn contends that the illegal actions of the Defendants have harmed her, resulting in mental anguish and humiliation, and time and expense to rectify this situation.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT CARTER-YOUNG, INC

22.     Paragraphs 1 through 18 are realleged as though fully set forth herein.

23.     Plaintiffs are consumers within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

24.     CARTER-YOUNG, INC are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

25.     CARTER-YOUNG, INC violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(2) against Plaintiff christina-leas: (family) dunn by falsely representing the character, amount, or legal status of any debt.

(b)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(5) against Plaintiff christina-leas: (family) dunn by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(8) against Plaintiff christina-leas: (family) dunn by threatening or communicating false credit information.

(d)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(10) against Plaintiff christina-leas: (family) dunn by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(11) against Plaintiff christina-leas: (family) dunn by failing to state that the purpose of the call was to collect a debt.

(f)     CARTER-YOUNG, INC violated 15 U.S.C. §1692f(1) against Plaintiff christina-leas: (family) dunn by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

(g)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(2) against Plaintiff veronica-leas: (family) lapetina by falsely representing the character, amount, or legal status of any debt.

(h)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(5) against Plaintiff veronica-leas: (family) lapetina by threatening to take any action that could not legally be taken or that was not intended to be taken.

(i)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(8) against Plaintiff veronica-leas: (family) lapetina by threatening or communicating false credit information.

(j)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(10) against Plaintiff veronica-leas: (family) lapetina by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(k)     CARTER-YOUNG, INC violated 15 U.S.C. §1692e(11) against Plaintiff veronica-leas: (family) lapetina by failing to state that the purpose of the call was to collect a debt.

(l)     CARTER-YOUNG, INC violated 15 U.S.C. §1692f (1) against Plaintiff veronica-leas: (family) lapetina by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law.

## COUNT II

## VIOLATION OF ARKANSAS CODE ANNOTATED § 17-24-501 *ET SEQ.*

## BY DEFENDANT CARTER-YOUNG, INC

26.     Paragraphs 1 through 22 are realleged as though fully set forth herein.

27.     Plaintiffs are consumers within the meaning of the ACA § 17-24-502.

28.     CARTER-YOUNG, INC are debt collectors within the meaning of the ACA § 17-24-502.

29.     CARTER-YOUNG, INC violated the ACA. Defendants' violations include, but are not limited to, the following:

(a)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(2)(a) against Plaintiff christina-leas: (family) dunn by falsely representing the character, amount, or legal status of any debt.

(b)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(5) against Plaintiff christina-leas: (family) dunn by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(8) against Plaintiff christina-leas: (family) dunn by threatening or communicating false credit information, including the failure to communicate that a debt is disputed.

(d)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(10) against Plaintiff christina-leas: (family) dunn by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(2)(a) against Plaintiff veronica-leas: (family) lapetina by falsely representing the character, amount, or legal status of any debt.

(f)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(5) against Plaintiff veronica-leas: (family) lapetina by threatening to take any action that could not legally be taken or that was not intended to be taken.

(g)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(8) against Plaintiff veronica-leas: (family) lapetina by threatening or communicating false credit information, including the failure to communicate that a debt is disputed.

(h)     CARTER-YOUNG, INC violated ACA § 17-24-506(b)(10) against Plaintiff veronica-leas: (family) lapetina by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## COUNT III

## VIOLATION OF FAIR CREDIT REPORTING ACT *ET SEQ.* BY DEFENDANT CARTER-YOUNG, INC.

30.     Paragraphs 1 through 26 are realleged as though fully set forth herein.

31.      Plaintiffs are consumers within the meaning of the FCRA 15 U.S.C. §1681.

32.     CARTER-YOUNG, INC are persons within the meaning of FCRA 15 U.S.C. §1681a(b).

33.     CARTER-YOUNG, INC violated the FCRA. Defendants' violations include, but are not limited to, the following:

    a.     CARTER-YOUNG, INC willfully violated 15 U.S.C. §1681b(f) 1 time by obtaining Plaintiff veronica-leas: (family) lapetina's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

    b.     CARTER-YOUNG, INC willfully violated 15 U.S.C. §1681b(f) 1 time by obtaining Plaintiff christina-leas: (family) dunn's consumer report without a permissible purpose as defined by15 U.S.C. §1681b.

## COUNT IV

## VIOLATION OF FAIR CREDIT REPORTING ACT *ET SEQ.* BY DEFENDANT CARTER-YOUNG, INC.

34.     Paragraphs 1 through 30 are realleged as though fully set forth herein.

35.      Plaintiffs are consumers within the meaning of the FCRA 15 U.S.C. §1681.

36.     CARTER-YOUNG, INC are persons within the meaning of FCRA 15 U.S.C. §1681a(b).

37.     CARTER-YOUNG, INC violated the FCRA. Defendants' violations include, but are not limited to, the following:

    c.      CARTER-YOUNG, INC negligently violated 15 U.S.C. §1681b(f)

1 time by obtaining Plaintiff veronica-leas: (family) lapetina's consumer report

without a permissible purpose as defined by15 U.S.C. §1681b.

    d.      CARTER-YOUNG, INC negligently violated 15 U.S.C. §1681b(f)

1 time by obtaining Plaintiff christina-leas: (family) dunn's consumer report

without a permissible purpose as defined by15 U.S.C. §1681b.


WHEREFORE, Plaintiff demands judgment for damages against CARTER-YOUNG, INC for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn and statutory damages of USD$1,000 for Plaintiff veronica-leas: (family) lapetina, pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff demands judgment for damages against CARTER-YOUNG, INC for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn and statutory damages of USD$1,000 for Plaintiff veronica-leas: (family) lapetina pursuant to ACA § 17-24-512.

WHEREFORE, Plaintiff demands judgment for damages against CARTER-YOUNG, INC for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn and statutory damages of USD$1,000 for Plaintiff veronica-leas: (family) lapetina, pursuant to 15 U.S.C. § U.S.C. §1681n.

WHEREFORE, Plaintiff demands judgment for damages against CARTER-YOUNG, INC for statutory damages of USD $1,000, for Plaintiff christina-leas: (family) dunn and statutory damages of USD$1,000 for Plaintiff veronica-leas: (family) lapetina, pursuant to 15 U.S.C. § U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 14, 2011

Respectfully Submitted,

CHRISTINA LEAS DUNN signature LAW UCC § 3-402(b)(1)

By: /s/ *christina-leas: (family) dunn* agent
christina-leas: (family) dunn, a natural woman, Indorsee in due
course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents
estate, without recourse, without prejudice, UCC § 1-308

VERONICA LEAS LAPETINA signature LAW UCC § 3-402(b)(1)

By: /s/ *Veronica-leas (family) lapetina* agent;
veronica-leas: (family) lapetina, a natural woman, Indorsee in due
course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents
estate, without recourse, without prejudice, UCC § 1-308

## MEMORANDUM OF LAW

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER III > § 1681a (r)(4)

*The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.*

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) *the term "account"* means a **demand deposit, savings deposit, or other asset account**

(other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; …(emphasis added).

### U.S. Code TITLE 15 > CHAPTER 41 > SUBCHAPTER III > 1681b.

Permissible purposes of consumer reports.

(a) In general

Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account* of, the consumer; or …

**U.S.Code TITLE 28 PART V CHAPTER III §1652**

State Laws as Rules of Decision

The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

**Arkansas Fair Debt Collection Practices Act § 17-24-101. Collection agency, defined**

As used in this chapter, unless the context otherwise requires, "collection agency" means any person who works with or employs one (1) or more other persons, or any partnership, corporation, or association which engages in the collection of delinquent accounts, bills, or other forms of indebtedness, or any person, partnership, corporation, or association using a fictitious name or any name other than their own in the collection of their own accounts receivable, or any person, partnership, corporation, or association which solicits claims for collection.

**Arkansas Fair Debt Collection Practices Act § 17-24-301. Requirement**

It shall be unlawful for any person, partnership, association, or corporation to conduct within this state a collection agency or engage within this state in the business of collecting claims for others, or of soliciting the right to collect or receive payment for any other person of any claim, or advertise, either in print, by letter, in person, or otherwise, the right to collect or receive payment for another of any claim, or seek to make collection or obtain payment of any claim on behalf of another person without having first applied for and obtained a license from the State Board of Collection Agencies.

**Arkansas Fair Debt Collection Practices Act § 17-24-401. "Long arm" jurisdiction**

Any nonresident person, partnership, association, or any foreign corporation not authorized to do business in this state whose sole business contact with this state is the soliciting of accounts in this state by mail, telephone, telegraph, or by other like means originating outside this state, or the taking or accepting for collection of any account or accounts in this state by such means, shall by such acts:

(1) Subject himself or herself to the jurisdiction of the proper courts of this state under the procedure provided in §§ 17-24-403 and 17-24-404 on any cause of action arising out of or connected with the collection of any such account or accounts;

(2) Be deemed to have consented to comply with the maximum collection charges or fees provided in § 17-24-309; and

(3) Be deemed to have consented to and designated the Secretary of State to be the true and lawful attorney of the person, partnership, association, or corporation upon whom may be served all legal process in any action, suit, or proceeding in any court by any resident of this state arising out of or connected with the collection of any such account or accounts. Such acts shall be signification of its agreement that any legal process in any court action or suit so served shall be of the same legal force and validity as personal service of process in this state upon the person, partnership, association, or corporation. Service of process shall be made upon the Secretary of State pursuant to § 17-24-403.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, christina-leas: (family) dunn, states as follows:

1. I am one of the Plaintiffs in this civil proceeding.

2. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.

3. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in this Complaint.

4. I have filed this Complaint in good faith and solely for the purposes set forth in it.

5. Each and every exhibit I have provided to the Court and attached to this Complaint is a true and correct copy of the original.

6. I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Per 28 U.S.C. §1746(2), I, christina-leas: (family) dunn, hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

By: /s/ _Christina Leas: (family) dunn_, agent
christina-leas: (family) dunn, a natural woman, Indorsee in due
course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents
estate, without recourse, without prejudice, UCC § 1-308

Date _July 14, 2011_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 14th day of July, 2011 by U.S. Mail Certified Mail 70110470000088172927 delivery with appropriate postage to: STEVE YOUNG, Registered Agent, CARTER-YOUNG, INC. 1500 Klondike Rd., Suite A210, CONYERS, GA 30094.

By: /s/ *christina leas: (family) dunn,* agent

christina-leas: (family) dunn, a natural woman, Indorsee in due course, Affiant, civilian, Grantor, Settlor, Exectrix to the decedents estate, without recourse, without prejudice, UCC § 1-308

Date: *July 14, 2011*