IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA-LEAS (FAMILY); DUNN;
VERONICA –LEAS (FAMILY) LAPETINA                            PLAINTIFFS

V.                              CIVIL NO. 11-5170

CARTER-YOUNG, INC.                                          DEFENDANT

## ANSWER

Comes now Defendant, Carter-Young, Inc., and for its Answer to the Complaint filed against it herein, states as follows:

1. Defendant admits that this lawsuit purports to be based on the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Arkansas Code Annotated Section 17-24-501. Defendant denies that it has violated these statutes in a manner which would have caused any damages as a result of any such alleged violations.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies same.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint and affirmatively states that it is now licensed to collect debts in Arkansas, having applied for and received such a license once it learned that such a license was needed.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. The allegations of Paragraph 7 of the Complaint require no response.

8. Defendant admits that Plaintiffs have never contracted with it and it denies any other allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that it was not licensed in Arkansas as a debt collector at the time of some of the allegations listed in the Complaint. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint..

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint and states that Ark. Code Ann. § 17-24-301 speaks for itself.

20. Defendant admits that Plaintiff veronica-leas: (family) lapetina makes allegations similar to those found in Paragraph 20 of the Complaint; however, Defendant denies that Plaintiffs have suffered any damages.

21. Defendant admits that Plaintiff christina-leas: (family) dunn makes allegations similar to those found in Paragraph 21 of the Complaint; however, Defendant denies that Plaintiffs have suffered any damages.

22. The allegations contained in Paragraph 22 of the Complaint require no response.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint require no response.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint require no response.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. The allegations contained in Paragraph 34 of the Complaint require no response.

35. Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Pleading affirmatively, Defendant states that this case should be dismissed for insufficient process and insufficient service of process.

39. Pleading further affirmatively, Defendant raises all affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Carter-Young, Inc., prays that the Complaint against it herein be dismissed, for its costs, attorneys' fees, and all other proper relief.

| | |
|---|---|
| CARTER-YOUNG, INC. | COUNTER- PLAINTIFF |
| V.   CASE NO. 11-5170 | |
| CHRISTINA-LEAS (FAMILY); DUNN; VERONICA –LEAS (FAMILY) LAPETINA | COUNTER-DEFENDANTS |

## COUNTERCLAIM

Comes now, Counter-Plaintiff, Carter-Young, Inc., and for its Counterclaim against the Counter-Defendants, herein states as follows:

1. Counter-Plaintiff is a Georgia corporation which is a collection agency.

2. Counter-Defendants are individual residents of Rogers, Arkansas.

3. On or about April 8, 2011, Counter-Plaintiff, as assignee for collection of Hill Place Apartments, sent a letter to Counter-Defendants, a copy of which is attached to the Complaint herein as Exhibit "B".

4. The purpose of Counter-Plaintiff's sending Exhibit "B" to Counter-Defendants was an attempt to collect a debt of $3,668.22 owed by Counter-Defendants to Counter-Plaintiff's assignor, Hill Place Apartments.

5. The debt which Counter-Plaintiff seeks to collect from Counter-Defendants is still past due and owing in full.

6. Counter-Plaintiff's Counterclaim (i) arises out of the transaction or occurrence that is the subject matter of Plaintiffs/Counter-Defendants' claim, and (ii) does not require adding another party over whom this Court cannot acquire jurisdiction. It is, therefor, a proper compulsory counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure.

WHEREFORE, Counter-Plaintiff prays that it have a judgment against the Counter-Defendants, jointly and severally, for $3,668.22 which represents the amount owed by Counter-Defendants to Counter-Plaintiff, for its costs attorneys' fees and all other proper relief.

Respectfully submitted,

/s/ John W. Fink
JOHN W. FINK, Bar No. 82063
James, Fink & House, P.A.
P. O. Box 3585
Little Rock, AR 72203-3585
(501) 372-6555 – Telephone
(501) 801-2993 - Direct Dial
(501) 372-6333 – Facsimile
jfink@jamesandhouse.com

## Certificate of Service

I, John W. Fink, hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail and ECF this 1st day of August, 2011, to:

christina-leas: (family) dunn
veronica-leas: (family) lapetina
2355 Sequoyah Drive
Rogers, AR  72758-0246

/s/ John W. Fink
JOHN W. FINK, Bar No. 82063